**FILED**
**Sep 16, 2021**
**01:16 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **SVEN HOBBY,** | ) | **Docket No. 2021-06-0102** |
| **Employee,** | ) | |
| v. | ) | |
| **SUMMNER COUNTY ORNAMENTAL,** | ) | **State File No. 800060-2021** |
| **Employer,** | ) | |
| and | ) | **Judge Joshua Davis Baker** |
| **AUTO OWNERS INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |

_____

## EXPEDITED HEARING ORDER
_____

In an August 25, 2021 expedited hearing, Mr. Hobby requested temporary disability and medical benefits for a back injury he claimed to have suffered while installing a post on the Blackmon Estate, a home previously owned by Johnny Cash. Sumner County Ornamental (SC Ornamental) denied the claim, asserting that Mr. Hobby was not working at the Blackmon Estate on the date of the alleged injury. It also raised lack of notice and compensability as defenses. The Court denies Mr. Hobby's request for benefits.

### Claim History

Mr. Hobby worked as an installer for SC Ornamental, a producer of unique metal fabrication pieces for homes and businesses. He claimed he injured his back on August 25, 2020, while installing a post for a gate at the Blackmon Estate. According to Mr. Hobby, he felt immediate pain in his back when he attempted to lift and carry the one-hundred-pound post. He said Rusty Wallace, the owner of SC Ornamental, was at the jobsite, and that he told Mr. Wallace he hurt himself that day.

Mr. Wallace denied he was at the Blackmon Estate that day and that Mr. Hobby told him he hurt himself at work. Beth Wallace, Mr. Wallace's wife and office manager for SC

Ornamental, echoed Mr. Wallace's testimony by saying that she and Mr. Wallace were in McMinnville working on a boat that day.

In response, Mr. Hobby said he might have been wrong about the date but knew it was around August 25. He admitted not having the best memory and struggling with reading and writing. No matter the possible misstatement of the injury date, he maintained that he injured his back in the manner he described.

Contrary to this testimony, SC Ornamental presented records showing that Mr. Hobby did not work at the Blackmon Estate on August 24, 25, or 26, so his injury could not have occurred as he described it. Ms. Wallace provided records showing that Mr. Hobby installed a custom stair railing at another home on August 25, and installed mailboxes on August 24 and 26, so his injury could not have occurred as he described it.

SC Ornamental further questioned whether Mr. Hobby injured his back at work at all, claiming he suffered from back problems long before August 25. It confronted Mr. Hobby with medical records from a walk-in clinic, showing that he received treatment for back pain for at least a year before his injury. Mr. Hobby admitted going to the clinic, although he could not remember the dates, but denied receiving treatment for back pain. However, Mr. Hobby admitted he suffered from chronic pain, including back pain, and regularly smoked marijuana to combat it.

Because he would have been required to take a drug test, Mr. Hobby's marijuana use could have been pertinent to this claim. Ms. Wallace testified that if Mr. Hobby had reported a work injury on August 25, she would have called her insurance representative to report the claim and sent Mr. Hobby for a drug test.

After the alleged injury, Mr. Hobby continued to work for SC Ornamental until the first week of October 2020. He called the office that week and said he could no longer do the job. Mr. and Ms. Wallace both denied that Mr. Hobby said he could not work because he hurt his back at work. The Wallaces testified they didn't know about his alleged back injury until February 2021, when they received a copy of Mr. Hobby's petition for benefit determination.

**Findings of Fact and Conclusions of Law**

Mr. Hobby need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). Because Mr. Hobby failed to prove to this Court's satisfaction that he injured himself in the course and scope of his employment on August 25, 2020, the Court holds he is unlikely to prevail at a final hearing.

Under Workers' Compensation Law, Mr. Hobby first must prove he suffered an injury caused by a specific incident or set of incidents arising "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A)-(B). This means he must prove that the employment contributed more than fifty percent in causing the injury, considering all causes, before any further inquiry need be made.

The Court finds Mr. Hobby's testimony was not credible concerning the timing and cause of his injury. Several factors lead to this conclusion: Mr. and Ms. Wallace's testimony that he never reported the injury; the business records showing he did not work at the Blackmon Estate on August 25; the medical records showing that, despite his denials, he received prior treatment for back pain; and Mr. Hobby's admitted memory failure to remember the date of the accident. Further, his actions at trial cast additional doubt on the veracity of his testimony. Certain characteristics are indicative of credibility and reliability, such as self-assuredness, calmness, steadiness, confidence, forthcoming responses, and reasonableness. *Kelly v. Kelly*, 445 S.W.3d 685, 694-95 (Tenn. 2014). Mr. Hobby displayed none of these characteristics. Due to the credibility deficiency, Mr. Hobby is unlikely to prevail at a hearing on the merits in proving he was injured at work.

This same credibility deficiency that undermined Mr. Hobby's claim simultaneously buttressed SC Ornamental's notice defense. Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must provide an employer "who has no actual notice, written notice of the injury . . . within fifteen (15) days after the occurrence of the accident." Mr. Hobby gave no written notice, so the second part of the statute does not apply. Instead, he said he told Mr. Wallace he got hurt at the jobsite on the alleged date of the accident. Mr. and Ms. Wallace both testified that neither Mr. Wallace nor Mr. Hobby was at Blackmon Estate on August 25. In light of the credibility issues plaguing his testimony and the Wallaces' credible testimony, it follows logically that SC Ornamental received no actual notice. In fact, the Court finds SC Ornamental received no notice until Mr. Hobby filed a petition for benefit determination. The Court, therefore, holds Mr. Hobby is unlikely to prove at a hearing on the merits that SC Ornamental had actual notice.

Mr. Hobby's failure to give timely notice prejudiced SC Ornamental by preventing a timely investigation. "The reason for the notice requirement is to allow the employer an opportunity to investigate the alleged injury while evidence is available and to provide timely medical care to the employee." *Masters v. Indus. Garments Mfg. Co., Inc.*, 595 S.W.2d 811, 815 (Tenn. 1980). SC Ornamental did not receive notice of the alleged accident until approximately six months later. This lag in time affected its ability to properly investigate the claim, including its opportunity to have Mr. Hobby drug tested.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Hobby's requested relief at this time.

2. The Court sets this claim for **a status conference on Monday, November 8, 2021, at 9:00 a.m. (CST).** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED September 16, 2021.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Sven Hobby's affidavit
2. First Report of Injury
3. Wage Statement (cumulative)
4. Customer Communications and Invoices

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Signature Page for Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 16, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Sven Hobby, Employee | | | X | hobbyhorse40@yahoo.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*